Susan Mary KLINE and Craig Joseph Kline, Plaintiffs–Appellants,

v.

CASEY'S GENERAL STORES, INC., Defendant–Respondent.

No. 22304.

Missouri Court of Appeals, Southern District, Division One.

July 8, 1999.

Motion for Rehearing and Transfer to Supreme Court Denied July 30, 1999.

Application for Transfer Denied Sept. 21, 1999.

Appellant appears pro se

Glenn A. Burkart, Burkart & Hunt, P.C., Springfield, for respondent.

JOHN E. PARRISH, Judge.

Susan Mary Kline and Craig Joseph Kline (plaintiffs) appeal a judgment for Casey's General Stores, Inc. (defendant) in a two-count action they brought for personal injuries and loss of consortium. Defendant filed a motion to strike the appellants' brief filed by plaintiffs and to dismiss the appeal. That motion was taken with the case. The motion is well taken. The appeal is dismissed.

Although plaintiffs were represented by counsel at trial, they are not represented by counsel in this appeal. They are, nevertheless, bound by the same rules of procedure as parties who are represented by counsel. *BeLisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App.1998). Plaintiffs are not entitled to indulgences they would not have received if represented by counsel. *Faith Baptist Church of Berke-* ley, Inc. v. Heffner, 956 S.W.2d 425, 426 (Mo.App.1997).

As explained in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978):

Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. . . . When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id.* at 686. And, in *Sutton v. Goldenberg,* 862 S.W.2d 515 (Mo.App.1993):

While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517.

Plaintiffs' brief is fraught with violations of rules applicable to appellate practice. It is handwritten. Rule 84.06 requires briefs to be printed or (in limited circumstances) typewritten. *See also* Rule 81.18.

Rule 84.04(c) requires the statement of facts in an appellant's brief to "be a fair

and concise statement of the facts relevant to the questions presented for determination without argument." Plaintiffs' Statement of Facts consists of three paragraphs denominated "Fact No. 1," "Fact No. 2," and "Fact No. 3," respectively. Each paragraph is argumentative and conclusory. One of the "facts" asserts juror misconduct without supporting reference to the record on appeal. There are no page references to the legal file or transcript as required by Rule 84.04(i).

What is represented as "Points Relied Upon" in plaintiffs' brief is a rambling six-page recitation of factual allegations that violates the directive of Rule 84.04(d) that "[d]etailed evidentiary facts shall not be included."[1] It consists of 28 paragraphs that are not numbered or otherwise identified. Complaints of error are intermingled to an extent that specific trial court rulings or actions that are being challenged cannot be identified. There are no concise statements of legal reasons for claims of error. There being no concise statements of legal reasons for claimed errors, there are no explanations in the context of the case that support claims of reversible error as Rule 84.04(d)(1) requires.

An appellant's failure to provide a statement of facts that complies with Rule 84.04(c) is basis for dismissal of an appeal. *Haynes Family Corp. v. Dean Properties*, 923 S.W.2d 465, 467 (Mo.App. 1996). "Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review." *Id.* Likewise, points relied on that fail to comply with the requirements of Rule 84.04(d) present nothing for appellate review. *Coale v. Hilles*, 976 S.W.2d 61, 65 (Mo.App.1998); *Williams v. Thomas*, 961 S.W.2d 869, 872 (Mo.App. 1998). Defendant's Motion to Strike Ap-

pellants' Brief and Dismiss Appeal is granted. The appeal is dismissed.[2]

PREWITT, P.J., and CROW, J., concur.

---

1. Plaintiffs' appellants' brief was filed January 7, 1999. Missouri Court Rules (1999) apply.

2. Defendant also filed a motion to strike what had been submitted to this court as "Appellants [sic] Exhibit 'E' and Social Securities

Administrative Law Judges [sic] Decision in support [sic] of exhibit [sic] 'E'." That motion was taken with the case. It is rendered moot by the dismissal of the appeal.