Dianna L. YATES, Claimant–Appellant,

v.

BRIGGS & STRATTON, Employer,

and

Division of Employment Security,
Respondent.

No. SD 29825.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 2, 2010.

Dianna L. Yates, pro se.

Rachel M. Lewis, Jefferson City, MO, for Respondent Division.

JEFFREY W. BATES, Presiding Judge.

Dianna Yates (Yates) appeals from a decision of the Labor and Industrial Relations Commission (the Commission) denying her claim for trade adjustment assistance benefits pursuant to 19 U.S.C. §§ 2291–2298. The Commission determined that Yates was not entitled to such benefits because she had neither enrolled in an approved training program nor received a written waiver of the training requirement before the appropriate deadline expired. Yates appealed from that decision. The Division of Employment Security has requested that this appeal be dismissed because Yates' brief does not comply with the requirements of Rule 84.04.[1]

Yates has chosen to proceed pro se on appeal. We fully acknowledge her right to do so, but she is bound by the same rules of procedure as parties who are represented by counsel. *Kline v. Casey's General Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999). While this Court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. *Id.* "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.; Carden v. City of Rolla,* 290 S.W.3d

---

1. All references to rules are to the Missouri Court Rules (2009).

728, 729 (Mo.App.2009). As our Supreme Court explained in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978):

> Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id.* at 686; *Kline*, 998 S.W.2d at 141. Accordingly, we must hold Yates to the same standards of practice and procedure on appeal that we would expect of an attorney.

Rule 84.04 lists the requirements which an appellant's brief must meet. These requirements are mandatory. *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App.2000). Yates' four-page brief is deficient in the following respects.

■ First, the table of contents contains no table of cases, statutes and other authorities cited. Rule 84.04(a)(1); *Chang v. Lundry*, 117 S.W.3d 161, 164 (Mo.App. 2003).

Second, the brief lacks a concise statement of the grounds upon which this Court's jurisdiction is invoked. Rule 84.04(a)(2); *Moreland v. Division of Employment Sec.*, 273 S.W.3d 39, 41 (Mo.App. 2008).

Third, the statement of facts does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Yates' narration of the facts is argumentative, which is improper. *Rushing v. City of Springfield*, 180 S.W.3d 538, 540 (Mo.App.2006); *Selberg v. Selberg*, 201 S.W.3d 513, 515 (Mo.App.2006). Most importantly, there is not a single reference in the statement of facts to the legal file or transcript, as required by Rule 84.04(i). Compliance with this subpart of the rule "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party, a role which we expressly decline." *Brown v. Shannahan*, 141 S.W.3d 77, 80 (Mo.App. 2004); *see Selberg*, 201 S.W.3d at 515. These violations of Rule 84.04(c) and Rule 84.04(i) alone warrant dismissal of this appeal. *In re H.B.*, 165 S.W.3d 578, 582 (Mo.App.2005).

Fourth, Yates' brief contains no points relied on as required by Rule 84.04(d). The purpose of a point relied on is to give notice to the opposing party of the precise matters that must be addressed and to inform the court of the issues presented for review. *Henson v. Henson*, 195 S.W.3d 479, 482 (Mo.App.2006). Compliance with Rule 84.04(d) is mandatory in order to ensure that an appellate court does not become the appellant's advocate by speculating on facts and arguments that have not been asserted. *Id.* "It is not our job to search the record unguided to construct or discover legal arguments for ap-

pellant." *Sy v. Sow,* 258 S.W.3d 840, 841 (Mo.App.2008). Yates' failure to include any point relied on in her brief, by itself, justifies dismissal of her appeal. *Moreland,* 273 S.W.3d at 41.

Fifth, the one-page argument section of the brief contains no standard of review, which is required by Rule 84.04(e). *Carden v. City of Rolla,* 290 S.W.3d 728, 731 (Mo.App.2009). The argument does not identify any alleged error committed by the Commission or explain how, using the appropriate standard of review, this Court has the authority to correct any such error. *Pointer v. State, Dept. of Social Services,* 258 S.W.3d 453, 455 (Mo.App.2008). Finally, the argument contains no references to the legal file or transcript as required by Rule 84.04(i). *Manning v. Wal–Mart Associates, Inc.,* 284 S.W.3d 678, 680 (Mo.App.2009). Compliance with this requirement "is essential for appellate courts to function effectively because the absence of citations prevents us from verifying an appellant's allegations without doing his work for him, in which case we effectively act as his advocate." *In re Marriage of Smith,* 283 S.W.3d 271, 275 (Mo.App.2009).

The violations of Rule 84.04 in Yates' brief are so serious as to impede appellate review. *State ex rel. Greene County v. Barnett,* 231 S.W.3d 854, 856 (Mo.App. 2007). "Failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of an appeal." *McCullough v. McCullough,* 195 S.W.3d 440, 442 (Mo.App.2006); *see also Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 48 (Mo.App.2006).

The appeal is dismissed.

BARNEY and BURRELL, JJ., Concur.