**David SHIELDS, Claimant–Appellant,**

v.

**L & P TRANSPORTATION, LLC, Employer–Respondent,**

**and**

**State of Missouri, Division of Employment Security, Respondent.**

**No. SD 30058.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 4, 2010.

David Shields, Carthage, pro se.

John A. Nicholas, Carthage, MO, for Respondent L & P Transportation.

Jeannie D. Mitchell, Jefferson City, MO, for Respondent State of Missouri Division of Employment Security.

DON E. BURRELL, Judge.

David Shields ("Claimant"), proceeding *pro se,*[1] is attempting to appeal the order

---

1. A litigant is certainly entitled to proceed *pro se.* But a self-represented litigant "is bound by the same rules of procedure as parties who are represented by counsel." *Yates v. Briggs & Stratton,* 302 S.W.3d 776, 776 (Mo.App. S.D.2010) (citing *Kline v. Casey's Gen. Stores, Inc.* 998 S.W.2d 140, 141 (Mo.App. S.D. 1999)). "While this Court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. 'It is

of the Labor and Industrial Relations Commission ("the Commission") affirming the decision of the Division of Employment Security ("the Division") that Claimant was ineligible to receive unemployment compensation benefits because his employer, L & P Transportation, LLC ("Employer"), had fired him for work-connected misconduct.

On March 17, 2010, the Division filed a motion to strike Claimant's brief and dismiss his appeal for failure to comply with the requirements of Rule 84.04.[2] That motion was taken with the case. Because the deficiencies in Claimant's brief substantially impede appellate review, we grant the Division's motion and dismiss Claimant's appeal.

### Briefing Deficiencies

■ Claimant's briefing deficiencies are substantial and numerous. As noted by the Division in its motion, Claimant's brief "does not contain a proper jurisdictional statement or point relied on, the argument section does not substantially follow the order of the points relied on, the statement of facts and argument sections contain no citation to the record, and the brief does not have an appendix." [3]

■ The requirements of Rule 84.04 are mandatory. *Yates v. Briggs & Stratton,* 302 S.W.3d 776, 777 (Mo.App. S.D.2010).

The failure to comply with Rule 84.04 constitutes grounds for dismissal. *Hankins v. Reliance Auto., Inc.,* 312 S.W.3d 491 (Mo. App. E.D.2010) (dismissing an employee's appeal of the denial of unemployment compensation benefits for failing to substantially comply with Rule 84.04).

Rule 84.04(b) provides that an appellant's brief must contain a jurisdictional statement that "set[s] forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution. whereon jurisdiction is sought to be predicated." Although Claimant's brief contains a paragraph preceded by the words "Jurisdictional Statement," that paragraph simply identifies three things he believes should be at issue in his appeal and says nothing about this court's authority to actually consider and resolve his appeal.

Under Rule 84.04(d)(2), an appellant's brief challenging the decision of an administrative agency must present points relied on that: "(A) identify the administrative ruling or action the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Claimant's points do not identify the agency ruling he is challenging (they instead complain of certain actions or inac-

---

not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.'" *Reliable Roofing, LLC v. Jones,* 302 S.W.3d 232, 234 (Mo.App. S.D.2009) (quoting *Kline,* 998 S.W.2d at 141) (internal citations omitted).

2. All rule references are to Missouri Court Rules (2010). The brief the Division moved to strike was actually Claimant's second attempt to file an appropriate brief. We refused to accept for filing Claimant's first brief and returned it to him on January 15, 2010,

with a notation that it was not in compliance with Rules 84.04, 84.05, and 84.06.

3. While Claimant's brief contains a section labeled "Appendix," other than containing a copy of the Commission's order, the remainder is not in compliance with Rule 84.04(h). On April 6, 2010, Claimant moved to strike the Division's brief in an unsigned motion. Claimant's motion takes issue with some of the factual assertions contained in the Division's brief but cites no legal grounds for his claim that it should be stricken. Claimant's motion to strike is denied.

tions of Employer) and do not state any legal grounds for what should have been his claim that the Commission erred.

The argument portion of Claimant's brief fails to restate his points relied on. Perhaps for this reason, it then fails to "substantially follow" the order of those points as required by Rule 84.04(e) and the small amount of argument actually presented appears to be an attempt to address them all together. Claimant has also failed to "include a concise statement of the applicable standard of review for each claim of error" as required by Rule 84.04(e).

While we do not condone any of these failures to comply with Rule 84.04, the fundamental obstacle to our determining whether Claimant might have a meritorious claim is that we could not do so without abandoning our proper position of neutrality and inappropriately becoming his advocate. *See Reliable Roofing, LLC v. Jones,* 302 S.W.3d 232, 236 (Mo.App. S.D. 2009); *Yates,* 302 S.W.3d at 777.

The portion of Claimant's brief encompassing his "Jurisdictional Statement," "Statement of Facts," "Points Relied On," "Argument," and "Conclusion" is covered in a mere four-and-one-half pages. More importantly, none of the "facts" Claimant refers to in his Statement of Facts and Argument sections are accompanied by any references to the transcript or legal file as required by Rule 84.04(i). "In order to address the issues discussed in the argument, this Court would be required to seine the record to find the relevant facts, independently research the issues and find relevant authority in order to determine whether error occurred. That would effectively require this Court to become [Appellant's] advocate on appeal." *Reliable Roofing,* 302 S.W.3d at 236.

We should point out that the argument section of Claimant's brief does cite appropriate legal authority for the propositions that an employer has the burden of proving an employee's misconduct and that misconduct involves an element of willfulness.[4] But Claimant then fails to demonstrate, in the context of this case, how that authority supports his claims of reversible error. *See* Rules 84.04(d)(2)(C) and 84.04(d)(4).

"[E]stablished Missouri precedent holds that '[a]ppellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case.'" *Blakey v. AAA Prof'l Pest Control, Inc.,* 219 S.W.3d 792, 794 (Mo.App. E.D.2007) (quoting *Coleman v. Gilyard,* 969 S.W.2d 271, 273 (Mo.App. W.D.1998)). As in *Yates,* we have concluded that the deficiencies of Claimant's brief "are so serious as to impede appellate review." 302 S.W.3d at 236.

The Division's motion is granted, and Claimant's appeal is dismissed.

BARNEY, J., and BATES, P.J., Concur.

---

4. While we are unable to reach the merits of Claimant's claim, it should be noted that repeated instances of negligence may be sufficient to demonstrate the willfulness necessary to sustain a finding of misconduct under certain circumstances. *See Freeman v. Gary Glass & Mirror, LLC,* 276 S.W.3d 388, 393 (Mo.App. S.D.2009) (repeated failure to follow the employer's specific directions, without explanation and with ability, demonstrated willfulness). Further, "[w]hen strict adherence to [safety] rules is required to protect the lives and safety of others, the employee is held to a high degree of care in the exercise of his duties." *Finner v. Americold Logistics, LLC,* 298 S.W.3d 580, 584 (Mo.App. S.D.2009).