COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS MUTUAL INSURANCE COMPANY, | § | No. 08-08-00192-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 3 |
| | § | |
| | | of El Paso County, Texas |
| SARA CARE CHILD CARE CENTER, INC. AND MARTHA MARTINEZ, | § | |
| | | (TC# 2004-2112) |
| | § | |
| Appellees. | | |

**O P I N I O N**

Texas Mutual Insurance Company appeals from two summary judgment orders, and a

final judgment following a bench trial, all in favor of its insured, Sara Care Child Care Center,

Inc. ("Sara Care"), and the insured's employee, Martha Martinez.  The insurer argues the first

summary judgment, affirming the Texas Workers' Compensation Commission Appeals Panel

decision in the claimant's favor was in error, due to the panel's reliance on Texas Labor Code

Section 406.008.  Texas Mutual continues by challenging the trial court's partial summary

judgment on the issue of its liability to Sara Care for the insured's extra-contractual claims for

affirmative relief.  The insurer concludes that the trial court's final judgment, including

attorney's fees, and statutory additional damages must be reversed, and judgment rendered in its

favor, due primarily to errors in the summary judgments.  In support of its request for reversal,

Texas Mutual also raises an issue challenging the trial court's rulings on Sara Care's objections

to the carrier's summary judgment evidence.  We reverse and remand in part and affirmed in

part.

Sara Care Child Care Center, Inc. operated the child care center at the University of Texas at El Paso. In July 2001, Sara Care purchased a one year workers' compensation insurance policy from Texas Mutual Insurance Company ("TMI"). The policy provided Sara Care with coverage for workers' compensation claims August 4, 2001 to August 4, 2002. By letter dated June 6, 2002, TMI notified Sara Care that its policy was scheduled to expire on August 4. The letter specifically stated, in bold typeface, that it was "not a cancellation," and that the insurer "look[ed] forward to continuing to serve as [Sara Care's] worker's compensation carrier" in the next policy term. TMI's agent, The Treiber Group, sent Sara Care a premium quote for the 2002-2003 policy year sometime prior to the 2001-2002 policy's expiration. However, due to a mis-communication with the insurance agent, Sara Care failed to pay its 2002-2003 premium until August 24, 2002.

In 2002, Martha Martinez was one of Sara Care's employees. She suffered a work-related injury on August 20, 2002. TMI denied that Sara Care was covered on the date of the injury, and refused to cover Ms. Martinez's claim. Sara Care paid Ms. Martinez's medical bills in the amount of $30,020.48. On May 13, 2004, Sara Care filed suit against TMI, alleging the insurer wrongfully denied coverage for Ms. Marinez's injuries. The employer asserted causes of action for breach of contract, negligence, violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and promissory estoppel. Following TMI's original answer, in which it asserted the trial court lacked jurisdiction over the case due to Sara Care's failure to exhaust its administrative remedies, the parties entered into a Rule 11 agreement, in which they agreed to abate the case in the trial court pending a final decision from the Texas Workers'

Compensation Commission ("the Commission").

The Commission held a contested case hearing on April 8, 2005. The hearing officer determined: (1) that TMI did not provide workers' compensation coverage for Sara Care on August 20, 2002; (2) that TMI did not waive its right to contest compensability of the claimed injury; and (3) that Ms. Martinez did not sustain a compensable injury. Sara Care appealed the hearing officer's decision to the Commission appeals panel. The appeals panel reversed the hearing officer's decision, finding that due to TMI's failure to comply with the cancellation or nonrenewal notice requirements of Section 406.008 of the Texas Labor Code, Sara Care's workers' compensation coverage under the 2001-2002 policy was extended, and provided coverage on the date Ms. Martinez was injured. The panel noted that on June 6, 2002, the Commission received a notice of intent to cancel or non-renew Sara Care's policy, and that it was unclear whether this notice was included with TMI's June 5 letter to Sara Care. Based on this evidence, the panel determined that TMI had not complied with the notice requirements for policy cancellation, and concluded Sara Care's policy was statutorily extended due to that failure. The appeals panel also determined that TMI waived its right to contest the compensability of Ms. Martinez's injury by failing to notify the Commission and the claimant of its refusal to provide coverage within the seven-day limitations period of Labor Code Section 409.021. Accordingly, the appeals panel reversed the hearing officer's decision, and rendered a new decision in Sara Care's favor.

On July 22, 2005, TMI filed a Petition for Judicial Review of the appeals panel decision in the trial court where the parties had previously agreed to abate the case. In the petition, TMI contested the appeals panel's findings that Sara Care was covered by its policy on August 20,

2002, and that it waived its right to contest compensability. The parties proceeded with discovery on both Sara Care's original petition, and TMI's petition for judicial review until March 2006.

On March 21, 2006, Sara Care filed a hybrid motion for summary judgment, seeking an affirmance of the appeals panel's decision on both contested issues. In large part, the motion relied on the policy extension provision of Section 406.008, and the lack of evidence that TMI complied with the notice requirements for policy cancellation or nonrenewal. TMI responded primarily, and for the first time, that summary judgment was improper because the basis of the appeals panel decision, Section 406.008 was inapplicable in this case. In the alternative, TMI argued that a fact issue remained regarding its compliance with the statute. Sara Care replied to TMI's response with numerous objections to the insurer's summary judgment evidence, and by arguing that TMI had waived the argument that Section 406.008 was not applicable, because the issue was not raised in the administrative proceedings. The trial court sustained Sara Care's evidentiary objections, and granted Sara Care's motion on June 13, 2006 ("the preliminary" or "judicial review" summary judgment).

Approximately a month after the trial court's judicial review summary judgment, Sara Care filed another hybrid summary judgment motion, requesting summary judgment as to TMI's liability to the employer for the causes of action raised in its original petition.[1] TMI responded

---

[1] Ms. Martinez filed an Original Answer to TMI's Petition for Judicial Review on September 9, 2005. She also filed an individual motion for summary judgment on July 21, 2006, in which she sought attorney's fees and argued: "[t]here is no evidence that Martha Martinez *DID NOT* sustain an injury in the course and scope of her employment with Sara Care on or about August 20, 2002." [Emphasis in original]. The court denied Ms. Martinez's motion on January 24, 2007.

with its own hybrid motion for summary judgment, arguing that Sara Care could not establish TMI's liability as a matter of law. The insurer also moved for summary judgment on the basis that Sara Care's request for attorney's fees was legally unsupported. The trial court granted Sara Care's second motion for summary judgment as to TMI's liability for breach of contract, violations of the Texas Insurance Code, violations of the Texas DTPA, and promissory estoppel on December 12, 2006.[2] The court also noted that the only fact issues remaining in the case were: (1) whether TMI acted knowingly with respect to its statutory violations; and (2) the amount of attorney's fees due to the claimants.

The parties proceeded to a bench trial on November 19, 2007. On March 3, 2008, the trial court entered its final judgment in favor of Sara Care. The court determined that TMI did act "knowingly" in its violations of the Insurance Code and the DTPA, and concluded Sara Care was entitled to treble damages pursuant to the statutes. The court awarded Sara Care $90,061.44 in damages, less a $28,000 credit for Sara Care's prior settlement with its insurance agent, plus pre- and post-judgment interest and attorney's fees. The court also entered an attorney's fee award for Ms. Martinez. Following the denial of its motion for new trial by operation of law, TMI timely filed its notice of appeal to this Court.

---

[2] As the parties explained during oral argument, the negligence cause of action was related to Sara Care's allegations against the Treiber Group, the insurance agent who handled the policy. Although the Treiber Group was originally named as a defendant in the case, Sara Care ultimately entered into a settlement agreement with the agent. Although the negligence cause of action was never formally stricken from the case, there is no further reference to the cause of action in the record, and it appears Sara Care abandoned the claim following the settlement. As the parties have not addressed the claim further, either in the trial court or in their briefing to this Court, there is no need to address the claim further in our consideration of this case.

TMI raises six issues for our review.[3]  In Issue One, TMI challenges the trial court's judicial review summary judgment.  In Issues Two and Three, respectively, TMI contends the trial court erred by granting Sara Care's motion for partial summary judgment on the insurer's liability for its additional causes of action, and also erred by denying TMI's cross-motion for summary judgment on those claims.  In Issue Four, TMI contends the trial court's "knowingly" finding is unsupported by the evidence.  In Issue Five, TMI challenges the court's attorney's fee awards to both Sara Care and Ms. Martinez.  In Issue Six, TMI contends the trial court abused its discretion by sustaining Sara Care's objections to its summary judgment evidence, as reflected in the trial court's judicial review summary judgment.  Because it affects our analysis of Issue One, we will address TMI's evidentiary challenge first.  We will address the remaining issues in the order they are presented.

In Issue Six, TMI challenges the trial court's rulings sustaining Sara Care's objections to several exhibits included in the carrier's response to Sara Care's preliminary motion for summary judgment.  To be considered by the trial court, or the reviewing court, summary judgment evidence must be admissible under the same standards required of evidence introduced at trial. *See United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997).  We review a trial court's evidentiary rulings for an abuse of discretion.  *Riddle v. Unifund CCR Partners*, 298 S.W.3d 780, 782 (Tex.App.--El Paso 2009, no pet.).  A trial court abuses its discretion if it makes a decision which is arbitrary, unreasonable, or without reference to guiding rules and principles of law.  *See Riddle*, 298 S.W.3d at 782.  Moreover, a judgment will not be reversed

[3] With the exception of Issue Five, TMI makes no distinction between Sara Care and Ms. Martinez.  As such, for the purposes of our discussion of the other issues, references to "Sara Care" include both Appellees when necessary.

-6-

due to an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See id.*

In its judicial review summary judgment response, TMI included nine exhibits.[4] Sara Care objected to Exhibits One, Two, Five, and Seven on the grounds that the documents were improper summary judgment evidence because they were inadmissible pursuant to Texas Labor Code Section 410.161. The trial court granted Sara Care's objections and excluded the evidence in its written summary judgment order. Those excluded exhibits were:

Exhibit 1:     an affidavit by Ms. Carolyn Howell

Exhibit 2:     a copy of Sara Care's worker's compensation policy with TMI from August 4, 2001 though August 4, 2002

Exhibit 5:     a copy of a letter dated June 20, 2002, from TMI to its insurance agent John Treiber, indicating the insurer had reviewed Sara Care's account, was "pleased to offer the enclosed quotation for Workers' Compensation coverage."

Exhibit 7:     a copy of Sara Care's workers' compensation policy from August 2002 through August 2003

Section 410.161 prohibits the use of any documents which a party fails to disclose as required by the Labor Code, from being introduced as evidence in any subsequent proceeding, including the trial court, absent a demonstration of good cause by the proponent of the evidence. *See* TEX.LAB.CODE ANN. § 410.161 (Vernon 2006). Section 410.161 required TMI to demonstrate: (1) the documents were not in the carrier's possession custody or control at the time they were required to be disclosed; (2) that the documents were timely and properly

_____

[4] The exhibit stickers marking TMI's summary judgment exhibits are not legible as they appear in the appellate record. Because the parties have not clarified the proper identification for the exhibits, and for ease of reference, we will refer to the exhibits in numerical order as they appear in the record.

disclosed; or (3) that there was good cause to admit the documents despite the fact that they had not been disclosed in the administrative proceedings. *See State Office of Risk Management v. Trujillo*, 267 S.W.3d 349, 352-53 (Tex.App.--Corpus Christi 2008, no pet.).

It is not disputed that the documents at issue here were within the carrier's possession, custody, or control at the time they were required to be disclosed. However, TMI argues the trial court abused its discretion by sustaining Sara Care's objections because there is evidence that the documents had been disclosed in the commission proceedings, or because TMI was not given an opportunity to demonstrate "good cause" existed to make the documents admissible.

With regard to TMI's first argument, the carrier relies heavily on an exchange between the trial court and its attorney during a hearing on its own motion to compel evidence held on April 20, 2006. According to the transcript, during the hearing, TMI offered documentation to the trial court indicating the summary judgment evidence was produced prior to the administrative proceedings. It is not clear what those documents were, or whether they are included in the record before us. At the close of the hearing, the trial court did not rule on the objections, but asked the parties to continue with discovery, and instructed the parties to supplement their motions on the evidentiary issues before the court would rule on the summary judgment. Neither party filed any further documents on this issue prior to the court's judgment on June 13, 2006.

To the extent, this exchange can be considered as evidence related to the trial court's ruling on TMI's summary judgment evidence, it is evidence of a request for more information from the parties. Neither party filed any documentation related to the preliminary summary judgment until after the court issued its order sustaining Sara Care's objections and granting Sara

Care's motion on June 13, 2006. Approximately one month later, TMI filed a motion to reconsider, urging the same admissibility arguments it has included in its brief to this Court. While the motion to reconsider did contain a new exhibit, an affidavit by TMI employee Ms. Susan Perkins, the carrier failed to explain how this new affidavit either demonstrated its compliance with Section 410.161, or established good cause.

We are also unpersuaded by TMI's argument that it was not given an opportunity to cure the alleged deficiencies. Based on the same conversation between TMI's counsel and the trial court, it seems TMI was invited to supplement the summary judgment record with evidence demonstrating the admissibility of its evidence. In its brief to this Court, TMI asserts that it did not file any supplemental summary judgment documents because the trial court had instructed the parties to take several depositions before the court made its decision, and that those depositions were never scheduled, or were not scheduled prior to the court entering its summary judgment order. TMI fails to explain, however, how these depositions would have changed its response or provided a basis for the admissibility of the evidence. Therefore, based on the record before us, the trial court did not abuse its discretion by sustaining Sara Care's objections. Issue Six is overruled.

Issues One, Two, and Three challenge the trial court's two summary judgments in favor of Sara Care. These issues address Sara Care's preliminary and liability-only motions, and TMI's cross-motion for liability-only summary judgment. All three motions were hybrid motions, presenting both traditional and no-evidence grounds for summary judgment.

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict, and we apply the same legal sufficiency standard of review. *Gray v. Woodville Health*

*Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied). A no-evidence summary judgment movant must specify which essential elements are devoid of evidentiary support. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Aguilar*, 162 S.W.3d at 834. The non-movant meets this burden, by producing more than a mere scintilla of evidence in support of each challenged element. *See Gray*, 225 S.W.3d at 616. When, as here, the trial court fails to specify which no-evidence ground served as the basis for its ruling, we must review each ground raised in the motion, and the judgment will be affirmed if any of the theories prove meritorious. *Id*. at 616-17.

As with any summary judgment ruling, a traditional summary judgment is subject to *de novo* review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To succeed on a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact so that judgment should be granted as a matter of law. *Diversicare Gen. Partner., Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Summary judgment is therefore properly granted if the defendant disproves at least one essential element of the plaintiff's cause of action, or establishes all essential elements of an affirmative defense. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). If the movant is successful in establishing its right to judgment as a matter of law, the burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Similar to review under the no-evidence standard, in a traditional summary judgment, the reviewing court will take

as true all competent evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *See Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). Unlike a no-evidence motion however, a traditional motion for summary judgment must stand or fall on its own merit, there is no right to a traditional summary judgment by default. *See City of Houston*, 589 S.W.2d at 678. When there are multiple grounds for summary judgment, and the trial court's order does not specify on which ground the judgment was rendered, the appealing party must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.--Houston [1st Dist.] 2002, no pet.), *citing State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993). If summary judgment may have been granted on a ground not challenged, regardless of the propriety if such a ruling, the judgment must be affirmed. *Ellis*, 68 S.W.3d at 898.

In Issue One, TMI challenged the trial court's summary judgment on its petition for judicial review. TMI's petition requested reversal of the Appeals Panel decision on both coverage and compensability. On the issue of coverage, TMI challenged the panel's decision that its failure to comply with Section 406.008 of the Texas Labor Code resulted in an extension of coverage for Sara Care. On the issue of carrier waiver, TMI sought review of the panel's decision that the carrier waived its right to dispute compensability by failing to contest the case within the statutory seven-day limitations period.

Sara Care's motion for summary judgment on TMI's petition included two grounds. First, it argued there was no-evidence that TMI provided proper notice of its intent to cancel the policy in accordance with Texas Labor Code Section 406.008. Under the traditional summary judgment standard, Sara Care argued that the record demonstrated as a matter of law that TMI

-11-

failed to give proper cancellation notice, thereby extending the term of the policy.

An appeals panel's decision on issues of compensability are reviewed under a modified *de novo* standard. *Fireman's Fund Ins. Co. v. Weeks*, 259 S.W.3d 335, 339 (Tex.App.--El Paso 2008, pet. denied). The party who appeals the administrative decision bears the burden of proof by a preponderance of the evidence. TEX.LAB.CODE ANN. § 410.303 (Vernon 2006). In the case of a bench trial, the court "shall consider" the Appeals Panel decision. TEX.LAB.CODE ANN. § 410.304(b). However, the court is not required to accord the administrative decision any particular weight. *Weeks*, 259 S.W.3d at 339.

TMI argues the trial court erred by granting the preliminary summary judgment because: (1) the policy expired prior to the date of Ms. Martinez's injury due to Sara Care's failure to timely renew the policy; and (2) Texas Labor Code Section 406.008, does not apply to extend Sara Care's coverage in this instance because this is not a nonrenewal, or a cancellation case. TMI continues by arguing that if Section 406.008 is applicable, there is an issue of material fact as to its compliance with the notice requirements. In response, Sara Care contends that TMI waived judicial review of the applicability of Section 406.008 by failing to raise the issue during the administrative proceedings, as required by Section 410.302. *See* TEX.LAB.CODE ANN. § 410.302(b).

The relationship between Sections 406.008 and 410.302(b) of the Labor Code is a legal issue requiring an analysis under the cannons of statutory construction. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008)(noting that statutory construction is a legal question subject to *de novo* review). Because the preliminary summary judgment turns on a purely legal issue, and Sara Care's motion does not challenged an essential element of a cause of action or

affirmative defense raised by TMI, we will conduct our review under the traditional summary judgment standard only. *See Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex.App.--Texarkana 2000, pet. denied); *see also* TEX.R.CIV.P. 166a(i)(providing that a party may move for no-evidence summary judgment, "on the ground that there is no evidence of one or more essential elements of a claim or defense . . ." on which the opposing party would bear the burden of proof at trial).

When addressing an issue of statutory construction, our primary objective is to determine the Legislature's intent in enacting a particular provision, and to give that provision its intended effect. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). We must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *In the Interest of J.I.M.*, 281 S.W.3d 504, 507 (Tex.App.--El Paso 2008, pet. denied). Each word, phrase, or expression must be read as if it were deliberately chosen, and we will presume that words excluded from a provision were excluded purposefully. *Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex.App.--Austin 2002, pet. denied). "Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993).

The TWCC Appeals Panel determined Sara Care was covered by the policy at the time of Ms. Martinez's injury based on the policy extension provision of Section 406.008. This provision, titled "Cancellation or Nonrenewal of Coverage Insurance Company; Notice,"

provides in relevant part:

> (a) An insurance company that cancels a policy of workers' compensation insurance or that does not renew the policy by the anniversary date of the policy shall deliver notice of the cancellation or nonrenewal by certified mail or in person to the employer and the division no later than:
>
> > (1) the 30th day before the date on which the cancellation or nonrenewal takes effect; or
> >
> > (2) the 10th day before the date on which the cancellation or nonrenewal takes effect if the insurance company cancels or does not renew because of :
> >
> > .        .        .
> >
> > (C) failure to pay a premium when due;
> >
> > .        .        .
>
> (b) The notice required under this section shall be filed with the division.
>
> (c) Failure of the insurance company to give notice as required by this section extends the policy until the date on which the required notice is provided to the employer and the division.

TEX.LAB.CODE ANN. § 406.008.

In its decision, the appeals panel determined that TMI failed to carry its burden to establish compliance with paragraphs (a) and (b). According to the panel's decision there was neither evidence of TMI's timely notice to the Commission; nor was there evidence that Sara Care received timely or properly delivered, notice of nonrenewal/cancellation under either the thirty, or ten-day notice provisions. Therefore, based on paragraph (c), and the Commission's prior decisions regarding carriers' failure to comply with Section 406.008(a), the panel held, "the policy was extended pursuant to Section 406.008(c) and the employer did have workers' compensation coverage with the carrier on August 20, 2002." By simply applying Section

406.008 without discussing whether or not the provision was applicable, the appeals panel's decision indicates the issue was not raised in the administrative proceedings.[5] We are left to determine, as Sara Care argues, whether TMI was prohibited from raising the applicability issue in the trial court by Section 410.302(b) of the Labor Code.

Labor Code Section 410.302(b) limits judicial review of an appeals panel decision, "to issues decided by the appeals panel and on which judicial review is sought." TEX.LAB.CODE ANN. § 410.302(b). According to the statute's plain language, the scope of judicial review is limited to the issues decided by the appeals panel. *See Alexander v. Lockheed Martin Corp.*, 188 S.W.3d 348, 353 (Tex.App.--Fort Worth 2006, pet. denied). Issues not raised before the appeals panel and identified in the petition for judicial review are waived. *See id.* Because there is no indication from the record that TMI questioned the applicability of Section 406.008 to the appeals panel, we agree that Section 410.302(b) barred TMI from raising this argument on judicial review.

However, TMI continues to urge the consideration of its Section 406.008 applicability argument on the basis that the modified *de novo* standard of review permits judicial consideration of the issue based on its request for review of the appeals panel's coverage decision.[6] We are not persuaded by this argument. TMI fails to cite any authority for the proposition that the plain

---

[5] The only other issue addressed in the panel's decision was TMI's alleged *Downs* waiver due to the carrier's failure to begin payment of benefits, or notify the Commission and the employee in writing of its refusal to pay no later than seven days after receipt of notice of the injury. *See Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002), *citing former* TEX.LAB.CODE ANN. § 409.021(a)(current version at TEX.LAB.CODE ANN. § 409.021 (Vernon 2006)).

[6] TMI does not dispute Sara Care's assertion that the question of Section 406.008's applicability was not an issue raised or addressed in the administrative proceedings.

language of Section 410.302(b) can be overridden by the standard of review. In addition, if we were to accept TMI's argument, we would be violating the cannon of statutory construction that demands we give effect to the legislature's enactments. *See City of Boerne*, 111 S.W.3d at 25.[7]

Furthermore, while a modified *de novo* review permits the admission of evidence in the trial court which was not presented in the administrative proceeding, *see State Office of Risk Mgmt. v. Escalante*, 162 S.W.3d 619, 626 (Tex.App.--El Paso 2005, pet. dism'd), TMI's argument is not for the admission of new evidence. Instead the insurer contends the administrative decision can be reversed based on an argument that was never presented to that body. Based on our analysis of the plan language of the provision, we conclude Section 410.302(b) prohibits TMI from raising this argument at this stage in the proceedings. *See* TEX.LAB.CODE ANN. § 410.302(b).

We now turn to whether there is a genuine issue of material fact regarding TMI's compliance with Section 406.008(a) and (b). To support its argument that a fact issue remains as to its compliance. TMI relies on "Exhibit D-1(B)" as evidence that it complied with Section 406.008(a)(1)(requiring a notice of nonrenewal or cancellation be provided to the insured by

---

[7] While we agree that the modified *de novo* standard does not bind the judicial review to the result rendered administrative decision, it also does not permit the parties to a new trial, independent of the case presented to the Commission. *See Escalante*, 162 S.W.3d at 626. By its terms, to conduct a "modified *de novo* review" contemplates a review, "from the beginning," that which has been previously considered. Which in this instance are the issues and arguments presented to the appeals panel. *See* TEX.R.APP.P. 33.1(a)(providing that a complaint is not preserved for appeal absent a demonstration that the complaint was made to the trial court); TEX.R.CIV.P. 166a(c)(generally limiting review of a summary judgment to those issues presented to the trial court); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)(noting that a *de novo* review in the summary judgment context is limited to the grounds presented to the trial court); *Kurtner v. Russell*, 658 S.W.2d 585, 590 (Tex.Crim.App. 1983)(en banc)(noting several translations of the Latin phrase "*de novo*").

-16-

certified mail, or in person, no later that thirty days before the nonrenewal or cancellation takes effect). TMI does not reference a page in the summary judgment record where this document appears, but states that the document "was delivered to Sara Care by certified mail more than 30 days before expiration of the policy and that it informed Sara Care that its policy would expire on August 4, 2002."

Assuming for argument's sake that a reference to a trial exhibit is sufficient to demonstrate that a genuine issue of material fact exists for summary judgment purposes, we disagree that the document referenced raises such a fact issue. Based on the description of the document as provided in TMI's brief, the description seems to refer to the insurer's June 6, 2002, letter to Sara Care which was included in TMI's summary judgment response as Exhibit 3. The letter was sent via certified mail, and stated:

> Dear Policyholder:
>
> It has been our privilege to serve as your workers' compensation carrier. Our records indicate your policy will expire on 8/04/2002. **Please note: this is only a notice of your upcoming expiration, not a cancellation.**
>
> Texas Mutual Insurance Company greatly values your business and looks forward to continuing to serve as your workers' compensation carrier. As Texas' model provider of workers' compensation insurance in the state, we strive to set the benchmark for service, communication, and ease of doing business.
>
> We have notified your agent of the upcoming expiration date and will be working with him/her to obtain the necessary information to provide you with your renewal quotation. In the meantime, if you have any questions, please contact your agent, or call us at . . . .
>
> Thank you again for allowing us to be your workers' compensation carrier. We look forward to continuing this relationship with you and your agent during the next policy term. [Emphasis in original].
>
> TMI contends this letter, in the least, raises a genuine issue of material fact that it

satisfied the statutory notice requirements because the letter was: (1) sent by certified mail to the insured; and (2) notified the policyholder of the upcoming expiration, giving the insured "ample time to secure replacement coverage." *See* TEX.LAB.CODE ANN. § 406.008(a)(1). TMI also notes that the summary judgment record demonstrates its compliance with the Commission's notice receipt requirement, as the appeals panel decision notes that the Commission received a "Notice of Nonrenewal or Cancellation" on June 6, 2002. *See* TEX.LAB.CODE ANN. § 406.008(b).

We express no opinion on whether this letter constituted sufficient notice of nonrenewal or cancellation to the policyholder under Section 406.008(a)(1). Instead, we turn to the issue of TMI's compliance with Section 406.008(a)(2)(C). Subparagraph (a)(2)(C), which was also addressed as a basis for its coverage decision by the appeals panel, requires an insurer to provide notice, in the same form and to the same recipients as required under (a)(1), no later than "the 10th day before the date on which the cancellation or nonrenewal takes effect if the insurance company cancels or does not renew . . ." due to a policyholder's failure to pay a premium when due. *See* TEX.LAB.CODE ANN. § 406.008(a). Whatever the due date for Sara Care's 2002-2003 policy payment, there is no evidence in the record before us of any notice to either Sara Care, or the Commission of TMI's intent not to renew Sara Care's policy for non-payment as required by the statute. TMI does not point to any other evidence in support of its contention that a fact issue remains regarding its compliance with Section 406.008. Therefore, having previously concluded that TMI did not preserve its argument that Section 406.008 was not applicable to extend Sara Care's coverage, we overrule Issue One, and affirm the trial court's summary judgment on TMI's petition for judicial review.

-18-

Issues Two and Three address the trial court's denial of TMI's motion for summary judgment, and simultaneous grant of Sara Care's motion as to liability on its breach of contract, Insurance Code, DTPA, and promissory estoppel claims. In the face of cross-motions for summary judgment, we apply the same standards of *de novo* review as when reviewing a trial court's ruling on a singular motion. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court grants one motion and denied the other, we must consider all the grounds presented by both sides, and in the case of an improper judgment, render the judgment the trial court should have rendered. *Id*.

In Issue Three, TMI's argument that the trial court erred by not granting its motion for summary judgment is based entirely on its argument that Sara Care was not covered by the policy at the time of Ms. Martinez's injury. Given our conclusion affirming the trial court's summary judgment on TMI's petition for judicial review, TMI's argument that it was entitled to summary judgment due to lack of coverage must also fail. As the insurer has not presented any additional or alternative grounds for summary judgment in its favor, Issue Three is overruled. *See Ellis*, 68 S.W.3d at 898. The trial court's ruling denying TMI's motion for summary judgment will be affirmed.

In Issue Two, TMI argues the trial court erred by granting Sara Care's motion for partial summary judgment as to liability on the affirmative claims contained in Sara Care's Original Petition because there was no coverage, and therefore no basis for liability; or because the issue of coverage was not sufficiently clear to serve as a basis for summary judgment. TMI's first argument fails, again, based on our decision affirming the appeals panel decision regarding its coverage liability. TMI's remaining arguments in Issue Two, are limited to Sara Care's statutory

causes of action. TMI does not present any alternative arguments to demonstrate the partial summary judgment on these claims was entered in error. Accordingly, the trial court's liability summary judgment on Sara Care's common law causes of action (breach of contract, breach of the duty of good faith and fair dealing, and the relief granted under the doctrine of promissory estoppel) will be affirmed. *See Ellis*, 68 S.W.3d at 898.

The only point remaining in Issue Two, is TMI's challenge to the trial court's summary judgment on Sara Care's statutory claims under the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. TMI argues its liability for these claims could not be determined as a matter of law because Sara Care cannot establish the insurer's coverage liability was "reasonably clear" as a matter of law.

An insurer's liability under former Article 21.21 of the Texas Insurance Code, and the Texas Deceptive Trade Practices Act, incorporate the common-law bad faith standard developed as part of the elements of a claim for breach of the duty of good faith and fair dealing.[8] *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922-23 (Tex. 2005)(per curium). Unless the facts of a case are such that there is no conflict in the evidence on the issue, whether coverage of a claim is "reasonably clear" is a question of fact. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). It was Sara Care's burden to establish coverage was reasonably clear as part of its case for liability under the Insurance Code and the DTPA. *See Boyd*, 177 S.W.3d at 922-23.

Sara Care argues that the appeals panel decision determining coverage negates the any

---

[8] Article 21.21 is now codified as Chapter 541 of the Texas Insurance Code titled "Unfair Methods Of Competition And Unfair Or Deceptive Acts Or Practices." *See* TEX.INS.CODE ANN. §§ 541.001, 541.003 (Vernon 2009).

fact issue on this element. However, Sara Care has failed to cite, and we have been unable to locate legal authority establishing an exception to the Texas Supreme Court's statement in *Giles*. Sara Care relies on the appeals panel decision as conclusive proof of coverage. We are unpersuaded by this argument. Although the appeals panel decision could be introduced as evidence to demonstrate TMI's coverage liability was reasonably clear for the purposes of the Insurance Code and DTPA claims, it is merely persuasive evidence, not binding on the fact finder. *See Weeks*, 259 S.W.3d at 339. As such, the administrative decision alone cannot serve as a basis for summary judgment on the issue of liability.

In its alternative, no-evidence, ground for summary judgment, Sara Care argues that TMI presented "no evidence" that the appeals panel erroneously determined the coverage issue in its favor. The burden of proof on Sara Care's claims for affirmative relief under the Insurance Code and DTPA fell on Sara Care. *See* TEX.INS.CODE ANN. § 541.003 (Vernon 2009); TEX.BUS.& COM.CODE ANN. §§ 17.43, 17.50 (Vernon 2002 and Vernon Supp. 2009). A no-evidence summary judgment motion can only be addressed to a claim or defense for which the non-movant would have the burden of proof at trial. *See* TEX.R.CIV.P. 166a(i). Because Sara Care moved for no-evidence summary judgment on a claim for which it would have the burden of proof, the no-evidence ground was not a proper basis for summary judgment.

In summary, the trial court's partial summary judgment on Sara Care's common-law claims will be affirmed, and Issue Two is overruled as to those claims. However, because a fact issue remains regarding whether TMI's coverage liability was reasonably clear for purposes of Sara Care's Insurance Code and DTPA claims, Issue Two is sustained as to the statutory claims.

Our dispositions of Issue Two also impacts TMI's contention, in Issue Four that the

-21-

evidence was legally and factually insufficient to support the trial court's fact finding that TMI acted "knowingly" in its alleged deceptive practices. A claimant who successfully establishes liability under Chapter 541 of the Insurance Code, and simultaneously the DTPA, may be entitled to "additional damages" if the claimant can also establish the insurer committed the statutory violations "knowingly." *See* TEX.INS.CODE ANN. § 541.152(b)(Vernon 2009); TEX.BUS.&COM.CODE ANN. § 17.50 (Vernon Supp. 2009); *see also Texas Mut. Ins. Co. v. Morris*, 287 S.W.3d 401, 433-34 (Tex.App.--Houston [14th Dist.] 2009, pet. filed)(comparing the provisions for "additional damages" in light of a finding that an insurer acted knowingly under the Insurance Code and the DTPA).

In this case, the "knowingly" question was tried to the bench. The court ultimately determined the insurer did act "knowingly," entitling Sara Care to treble damages in accordance with the Insurance Code and the DTPA. This finding was expressly predicated, however, on the court's summary judgment decision holding TMI liable for violations of the Insurance Code and the DTPA as a matter of law. Given our conclusion that the court's decision to grant Sara Care's liability-only summary judgment on its statutory claims was in error, there is no longer a legal basis for the court's determination that the insurer acted "knowingly" in its alleged statutory violations. *See* TEX.INS.CODE ANN. § 541.152(b); TEX.BUS.&COM.CODE ANN. § 17.50. Accordingly, further discussion of TMI's legal and factual sufficiency challenges is not necessary, and Issue Four is sustained.

In Issue Five, TMI challenges the trial court's attorneys' fees award. In the final judgment, the trial court awarded Sara Care $26,711.51, plus post judgment interest; and awarded Ms. Martinez $22,400, plus post judgment interest. The court also made contingent

awards in the case of appeals to this Court, and the Texas Supreme Court.

An attorney's fees award will not be disturbed absent an abuse of discretion. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). In the attorney's fees context, whether a particular award constitutes an abuse of discretion is determined by a two-step analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and, if so (2) did the court err in the exercise of its discretion? *Alford v. Johnston*, 224 S.W.3d 291, 298 (Tex.App.--El Paso 2005, pet. denied). A court exercises its discretion erroneously when it acts without reference to guiding rules and principles. *See F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 106 (Tex.App.--El Paso 2008, no pet.).

In its Original Petition, Sara Care requested attorney's fees pursuant to the Texas Insurance Code and the DTPA. In the preliminary motion for summary judgment, Sara Care petitioned for attorney's fees under Section 408.221(c) of the Texas Labor Code, and 38.001 of the Civil Practice and Remedies Code. In its liability-only motion for summary judgment, Sara Care requested attorney's fees, again, under Section 408.221(c), and 38.001. Ms. Martinez relied on Section 408.221(c) for her attorney's fee request in her Original Answer to TMI's Petition for Judicial Review.

TMI argues that neither Sara Care nor Ms. Martinez are entitled to recovery attorney's fees under any of the asserted bases, rendering the trial court's award an abuse of discretion. Primarily, TMI contends the cited Labor Code provision cannot support the awards because Section 408.221(c), limits recovery of attorney's fees to the "prevailing party" in Insurance Code and DTPA violations cases.

Labor Code Section 408.221(c) provides in relevant part, that an insurer who seeks

-23-

judicial review of a final decision of the appeals panel is liable for the reasonable and necessary attorney's fees the claimant incurs defending the appeal, "[i]f the claimant prevails on an issue on which judicial review is sought by the insurance carrier . . . ." TEX.LAB.CODE ANN. § 408.221(c). Sara Care has successfully defended the appeals panel decision through the judicial review process and therefore meets the "prevailing party" requirement of Section 408.221. TMI's argument that the claimants' status as a "prevailing party" is dependant on Sara Care's success on its statutory claims is not supported by the plain language of the statute, and fails to demonstrate the trial court abused its discretion by awarding attorneys' fees based on this statute.

TMI's alternative arguments: (1) that Section 408.221 cannot support Sara Care's award because the employer is a "subclaimant," not a "claimant;" and (2) that the trial court's findings of fact regarding Sara Care and Ms. Martinez's right to recover attorney's fees are nothing more than conclusory statements, unsupported by citation to proper authority. Because TMI has failed to provide this Court with adequate briefing in support of these arguments they are waived. *See* TEX.R.APP.P. 38.1(i). Therefore, TMI has failed to demonstrate the trial court abused its discretion in its attorney's fee award, and we overrule Issue Five.

In conclusion, we affirm the trial court's judgment as to Appellant's petition for judicial review, Appellant's liability for Appellees' common law causes of action, and the court's attorney's fee award. The trial court's judgment in Appellees' favor on Appellees' statutory claims is reversed and the case is remanded for proceedings consistent with this opinion.

September 15, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)