Louis **LEONE** et ux., Appellants,

v.

**VALIANT INSURANCE COMPANY** et al.,
Appellees.

No. 6136.

Court of Civil Appeals of Texas,
El Paso.

Nov. 25, 1970.

Rehearing Denied Dec. 30, 1970.

Joseph (Sib) Abraham, Jr., Guevara, Rebe & Armstrong, El Paso, for appellants.

Kemp, Smith, White, Duncan & Hammond, William Duncan, Scott, Hulse, Marshall & Feuille, J. Sam Moore, Jr., El Paso, for appellees.

OPINION

FRASER, Chief Justice.

This is a summary judgment case in which the plaintiff-appellees were granted summary judgment against Louis Leone

and Della Freitas Leone, defendant-appellants.

For the purposes of our appeal the facts, generally speaking, are as follows: Louis Leone owned a house in the City of El Paso, Texas, upon which he had executed a note and deed of trust to the El Paso Federal Savings and Loan Association in the sum of $10,000.00. Later on in the same year 1961, the said Louis Leone conveyed the property to his wife, Della Freitas Leone. Some time in 1964, the house in question was damaged by fire. Claim was made by the Leones against Valiant Insurance Company for the damages caused by the fire. Valiant refused to pay the Leones. In 1965, in consideration of $3,150.00 paid by Valiant, the El Paso Federal Savings and Loan Association assigned, conveyed and set over to Valiant Insurance Company its right of recovery to the extent of said amount of $3,150.00 which it maintains it legally held and owned by reason of the note and deed of trust heretofore described.

Now appellee Valiant Insurance Company has filed the present suit to foreclose this assignment from the El Paso Federal Savings and Loan Association against Louis Leone and Della Freitas Leone. Valiant filed its motion for summary judgment and attached to the motion, as exhibits, are a certified copy of the deed of trust lien on the property in favor of El Paso Federal Savings and Loan Association; certified copy of a deed from Louis Leone conveying the property to Della Freitas; certified copy of the assignment to Valiant from said Association to its right of recovery on said deed of trust lien and note to the extent of $3,150.00; a certified copy of an instrument which purports to show that said Association executed a full release of the lien, but executed after the partial assignment to Valiant. There is also an affidavit attached to the motion for summary judgment that there has been no payment to Valiant on the interest in the promissory note and lien assigned to Valiant.

Defendants did not file a general denial, nor do we find any affidavits, admissions or depositions contradicting the above instruments. Defendants seem to have chosen to base their defense on a claim that Valiant wrongfully refused to pay Louis Leone and Della Freitas Leone any damages for the fire.

Accordingly, we have before us a record which, after discarding that which is unimportant, would show that Valiant received an assignment in the sum of $3,150.00 on the note and deed of trust executed by Leone and held by El Paso Federal Savings and Loan Association. This assignment is the basis of this suit, and there is no claim that the amount it represents has ever been paid by Louis Leone and/or Della Freitas Leone. Therefore, Valiant holds an interest in a promissory note to the extent of $3,150.00, secured by an obviously valid deed of trust lien against the Leones and on the property in question, which has admittedly not been paid.

When facts entitling the moving party in a summary judgment proceedings to prevail have been established by affidavits, deposition testimony or admission, the motion for summary judgment will not be denied merely because the opposite party has alleged matter which, if proved, would require that a different judgment be rendered. If the defendants expected to defeat the motion for summary judgment by showing an issue of fact that Valiant had wrongfully refused to pay the defendants for the fire loss, it was incumbent upon them to come forward with summary judgment evidence sufficient to raise that question. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960). It is now settled that where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, then the plaintiff is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless defendant comes forward with a showing that there is a disputed fact issue upon the

affirmative defense. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); City of Houston v. Socony Mobil Oil Company, 421 S.W.2d 427 (Tex.Civ.App., Houston 1967, wr. ref., n. r. e.). It is not incumbent upon the plaintiff to negative the affirmative defense.

In this case we have plaintiffs' motion for summary judgment supported by exhibits consisting of certified copies of recorded instruments, showing that plaintiff owns an assignment in the sum of $3,150.00 on a note and deed of trust executed by Leone to El Paso Federal Savings and Loan Association, which documents are not contradicted by any proper pleadings on behalf of the defendants, nor do the defendants, in their unverified amended answer, include a general denial. Defendants seem to base their defense on the refusal of Valiant to pay the Leones for fire damage to the house. This, in our opinion, required the defendants to come forward with summary judgment proof on the affirmative defense.

Appellants' point is therefore overruled, and the judgment of the trial court granting summary judgment in favor of the appellees is affirmed.

PRESLAR and WARD, JJ., concur.