COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

CHARLES R. RINARD, JR. AND
MARIA RINARD,

Appellants,

v.

BANK OF AMERICA, F/K/A
NATIONSBANK OF TEXAS, N.A.,

Appellee.

§

§

§

§

§

§

§

No. 08-09-00219-CV

Appeal from the

171st Judicial District Court

of El Paso County, Texas

(TC# 2006-4593)

## **O P I N I O N**

Charles and Maria Rinard appeal from a summary judgment for judicial foreclosure granted in favor of Bank of America ("the Bank"). The Rinards appeal the court's judgment in seven issues, arguing, in essence that a fact issue remains as to each defensive ground raised in their pleadings, that *res judicata* does not bar their defenses, and that the Bank has not established its right to foreclosure as a matter of law.

On February 10, 1998, Charles and Maria Rinard received a home equity loan from NationsBank of Texas, N.A., predecessor to the current creditor, Bank of America. The loan was secured by a deed of trust on the Rinard's home at 720 Del Mar, in El Paso. At that time, the Rinards owned their home outright, having paid off a seller financed mortgage in 1996. The loan proceeds were identified in the note as follows: the Rinards received $110,000; $20,518.24 would be paid to "Insurance Companies" on the Rinards' behalf for "Credit Life, and/or A&H" insurance; "GAR" received $375 for appraisals; and "Lawyers Title of El Paso" were paid $1,346 for their services. The total amount financed was $132,239.24, payable in 180 monthly

installments, beginning on March 27, 1998.

The Rinards defaulted on the loan in November 2003. On October 16, 2005, the Rinards filed for Chapter 7 bankruptcy. The couple's dischargeable debts were discharged by the bankruptcy court on February 8, 2006, and a final order closing the bankruptcy was entered on February 9, 2006. The 1998 home equity loan survived the bankruptcy, on October 16, 2006, Bank of America filed a petition for judicial foreclosure, citing the Rinards' continued non-payment. The Rinards answered the suit with a general denial, and alleged that the promissory note and deed of trust could not support the foreclosure because they were procured by fraudulent inducement and misrepresentation. The Rinards also asserted counter-claims for violations of the Texas DTPA and Insurance Code, and moved for a declaratory judgment that the note was unenforceable. According to Mrs. Rinard, at the time the couple applied for the loan they insisted on purchasing credit disability insurance, to protect their home in the event Mr. Rinard was unable to work.[1] Mrs. Rinard recalled the loan officer's assurance that the couple could purchase the credit and disability insurance as part of the borrowed amount, and that the insurance would cover the life of the loan. When the loan documents presented to the couple at closing did not specify that credit disability insurance was included, Mr. Rinard asked the loan officer for an explanation. According to Mr. Rindard, the loan officer assured him that a certificate of insurance, or other policy documents would be sent to the couple within forty-five days. The loan officer referenced a specific paragraph in the policy during this explanation, and according to the Rinards, stated that the their policies were paid for.

---

[1] Mr. Rinard began having health issues in 1999. In 2005, he was diagnosed with congestive heart failure and lyphedema, and was no longer able to work as a truck driver. Mrs. Rinard also stopped working due to emphysema in 2003.

The Bank moved for summary judgment on traditional and no-evidence grounds, arguing that it was entitled to foreclose on the Rinard's property as a matter of law because of the couple's failure to make payments, and that the Rinard's defenses to the terms of the promissory note were barred by law, or not supported by evidence. In a supplemental motion, the Bank also contends that the Rinards defenses are barred by the doctrine of *res judicata*, as the note was subject to all of the Rinard's enforcement challenges during the pendency of the couple's Chapter 13 bankruptcy proceeding. The trial court granted the Bank's motion, and entered a judgment permitting the institution to proceed with foreclosure proceedings on June 29, 2009.

In Issues One, Two, and Four, the Rinards challenge the summary judgment as to Bank of America's petition for judicial foreclosure. In Issue Three, the Rinards contend the summary judgment was improper because the note is ambiguous, and argue a jury should be permitted to determine the parties' intent. In Issues Five and Six, the Rinards assert that the summary judgment on their claims for violations of the DTPA and the Texas Insurance Code was improper as the claims are not barred by the statute of limitations. Finally, in Issue Seven, the Rinards contend the summary judgment was improper because their arguments against the enforcement of the note are not barred by *res judicata* subsequent to bankruptcy.

Before we begin our analysis of the summary judgment, we must determine what claims and causes of action fall within the bounds of this appeal. The Rinards' Third Amended Answer and Counter Claim alleged that they were induced to sign the note by the loan officer's fraudulent representations regarding credit disability insurance. The amended answer and counter petition also contained claims pursuant to the Texas Insurance Code and the DTPA, a negligence cause of action, and sought to have the lien removed from their home pursuant to

these claims. For all the counter-claims, the Rinards sought damages for mental anguish, the insurance premiums paid, the loan payments made prior to the default, the proceeds from the omitted disability insurance, and recovery of their attorneys fees. The Rinards alleged that the monetary damages sought, "should offset or negate the amounts sought by the Bank." In addition, the Rinards petitioned the court for a declaration that the lien was invalid and unenforceable due to the Bank's alleged fraud. In its First Amended Petition, the Bank expressly disclaimed any action for monetary damages from the Rinards, and sought only a judgment authorizing a foreclosure of the deed of trust. In its answer to the Rinards counter-claims, the Bank made a general denial, raised statute of limitations defenses, alleged that the parole evidence rule barred the Rinards' claims, argued that the Rinards were bound by the terms of the agreement they signed, and that the alleged oral contract was also barred for lack of consideration. The Bank argued that any negligence on its part was barred by the Rinards own negligence regarding the terms of the promissory note. Finally, the Bank asserted that because the Rinards did not challenge the validity or enforceability of the note in the bankruptcy court, they were barred from doing so in the subsequent proceeding by *res judicata* and *collateral estoppel*.

The Bank maintained its right to judgment as a matter of law regarding the judicial foreclosure throughout the summary judgment proceedings. Regarding the Rinard's counter-claims and affirmative defenses, the Bank relied, in part on the terms of the note, and asserted that the Rinards claims for affirmative relief, including their claims for fraud, and statutory violations, were barred by the statute of limitations as a matter of law. In their summary judgment response, under the heading, "The Statutes of Limitations Do Not Bar Defensive

Claims" the Rinards made the following representations to the court:

> In this case the Rinards are the Defendants. They are making defensive claims. In this case the Rinards are defending against the sought after judicial foreclosure on their home. They are not seeking affirmative relief such as an actual damage recovery for the fraud and deception of the bank.

Based on this language, the Bank argues the Rinards abandoned their claims for affirmative relief, and proceeded to judgment exclusively on the basis that the Bank's alleged fraudulent representation barred the Bank's right to foreclose on the note. The Rinards do not address the question of abandonment, but reassert their theory that the claims were made only as defenses to the judicial foreclosure. Without citation to any legal authority, the Rinards argue, that any money damages they would be entitled to recover would "off set or negate" the amount due on the loan, and conclude that the deed of trust is invalid. Whether the Rinards have abandoned their counter-claims, or simply waived those claims by failing to adequately brief their "offset" argument, the result is the same; the trial court did not err by entering summary judgment against the Rinards on their counter-claims, and we will proceed with our analysis on the issue of the Rinards' fraud defense to the judicial foreclosure. *See* TEX.R.APP.P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Issues Five and Six are overruled.

In Issues One, Two, and Four, the Rinards assert that the summary judgment was improperly granted on Bank of America's judicial foreclosure claim. The Rinards' arguments in this point are focused on their assertion that the loan was procured by fraud, rendering the contract voidable. As with any summary judgment ruling, a traditional summary judgment is subject to *de novo* review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215

(Tex. 2003). To succeed on a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact so that judgment should be granted as a matter of law. *Diversicare Gen. Partner., Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Summary judgment is properly granted if the defendant disproves at least one essential element of the plaintiff's cause of action, or establishes all essential elements of an affirmative defense. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). If the movant is successful in establishing its right to judgment as a matter of law, the burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). The reviewing court will take as true all competent evidence favorable to the non-movant, and resolve any doubts or inferences in the non-movant's favor. *Tex. Mut. Ins. Co. v. Sara Care Child Care Center, Inc.*, 324 S.W.3d 305, 312 (Tex.App.--El Paso 2010, pet. denied). When the motion contains multiple grounds for summary judgment, and the judgment does not specify a basis for the trial court's ruling, the appellant must negate all grounds on appeal. *Sara Care*, 321 S.W.3d at 312.

To obtain a judicial foreclosure, Bank of America was required to demonstrate that the note was a purchase money note, that some part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which it seeks to enforce the lien. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex.App.--Dallas 2007, pet. denied). There is no dispute that through its summary judgment evidence, including a copy of the promissory note signed by Mr. and Mrs. Rinard a copy of the deed of trust on the Rindards' property, written notification of the default for non-payment, and the Bank's intent to accelerate the note, and excerpts from Mr. Rindard's deposition, including his testimony that he and his

wife took out a home equity loan on February 10, 1998, the Bank established its right to foreclosure. Accordingly, the summary judgment burden shifted to the Rinards to raise a fact issue on any defenses to the foreclosure. *See* TEX.R.CIV.P. 166a(c); *Leone v. Valiant Ins. Co.*, 461 S.W.2d 426, 427-28 (Tex.Civ.App.--El Paso 1970, no writ).

Although the Rinards have foregone their tort claims for affirmative relief based, they maintain that the summary judgment was improper because fact issues remain regarding the Bank's alleged fraudulent inducement, and misrepresentations related to their request for disability insurance. Based on their argument that the contract was procured by fraud and misrepresentation, the Rinards contend the contract is unenforceable, and the foreclosure improper. To survive summary judgment, the Rinards had to raise a fact issue as to each element of the defense. *See* TEX.R.CIV.P. 166a(c); *Leone*, 461 S.W.2d at 427-28. Part of the Rinards' burden included demonstrating that they actually and justifiably relied on the alleged misrepresentation. *See DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex.App.--Houston [14th Dist.] 2003, pet. denied), *citing Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). A party must generally exercise ordinary care for the protection of his interests and is charged with the knowledge of a similarly situated reasonable person. *Thigpen v. Locke*, 363 S.W.2d 247, 251 (Tex. 1963). Reliance on an oral representation that is directly contradicted by the express terms of the written agreement, is not justified as a matter of law. *DRC Parts*, 112 S.W.3d at 858. The issue is not whether the evidence of the contrary agreement is admissible, but whether that evidence would have any legal impact. *See DRC Parts*, 112 S.W.3d at 858-59. As the Fourteenth Court of Appeals explained, if the law were to deem such reliance justified, the effect would be to "defeat the ability of

written contracts to provide certainty and avoid dispute . . . ." *DRC Parts*, 112 S.W.3d at 859. Accordingly, a party who enters into a written contract in reliance on a contrary oral agreement, does so at his peril, and will be held to the written terms when the other party seeks to enforce the agreement. *Garcia v. Vera*, No. 08-09-00084-CV, 2011 WL 1605973, *4 (Tex.App.--El Paso April 29, 2011, no pet.).

In this instance, there is no dispute that the loan documents the Rinards read and signed, on February 10, 1998, included $20,518.24, for "JOINT CREDIT LIFE" insurance. The note does not contain a line or designate any premium amount for credit disability, or any other optional insurance. The foundation of the Rinards' arguments for avoidance of the foreclosure is that they were induced into signing the note because the Bank represented that credit disability insurance would be purchased, and that premium would be included in the loan principle. This alleged misrepresentation is directly contradicted by the express terms of the note, and therefore cannot support the justifiable reliance element of the Rinards' fraud defense. *See DRC Parts*, 112 S.W.3d at 858-59. Because the Rinards cannot avoid the note on the basis of fraud and misrepresentation, the trial court did not err by granting the Bank's motion for summary judgment for judicial foreclosure, and it is not necessary to discuss the remaining summary judgment grounds. Issues One, Two, and Four are overruled, and it is unnecessary to address Issues Three and Seven. *See Sellers v. Gomez*, 281 S.W.3d 108, 115 (Tex.App.--El Paso 2008, pet. denied).

Having overruled Appellant's Issues One, Two, Four, Five, and Six, we affirm the trial court's summary judgment.

July 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.