# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00336-CV

**Kevin Bierwirth, Appellant**

**v.**

**TIB-The Independent BankersBank, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-11-000417, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth, acting pro se, appeals from a summary judgment on a note and an order for judicial foreclosure of a home-equity lien.[1]  Bierwirth asserts that the district court erred in denying his motion for leave to file an untimely response to the Bank's motion for summary judgment and in granting the Bank's motion.  Because we conclude that the district court did not abuse its discretion in denying the motion for leave, and that the Bank was entitled to summary judgment as a matter of law, we affirm the district court's judgment and order.

---

[1] Bierwirth's pattern of difficulties with foreclosures and forcible detainers on his real-estate properties is well documented with this Court.  *See, e.g.*, *In re Bierwirth*, 03-12-00488-CV; *Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-00644-CV; *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00271-CV.

## BACKGROUND

In a separate proceeding, the Bank filed a home equity foreclosure application against Bierwirth, seeking a court order allowing foreclosure of a home equity lien. *See* Tex. Const. art. XVI, § 50a(6); Tex. R. Civ. P. 735, 736. Challenging the Bank's right to foreclose, Bierwirth filed the underlying suit against the Bank for declaratory relief, and the Bank filed a counterclaim for an order allowing foreclosure. Contending that it conclusively proved the requirements to foreclose on the security instrument that Bierwirth executed, the Bank filed a traditional motion for summary judgment on March 31, 2011. *See* Tex. Prop. Code Ann. § 51.002 (West Supp. 2012) (authorizing sale of real property after debtor's default under powers granted in deed of trust); Tex. R. Civ. P. 166a(c), 735, 736.[2] The Bank's motion was set for hearing on April 21, 2011. On April 19, 2011, Bierwirth filed an "answer" to the Bank's summary-judgment motion along with a motion for leave to file his untimely response, stating that he was unaware of the filing deadline for his response and reciting the good-cause standard for untimely filing. On April 20, 2011, Bierwirth obtained an attorney for the summary-judgment hearing. At the hearing, the district court denied Bierwirth's motion for leave and granted the Bank's summary judgment, allowing foreclosure to proceed. Bierwirth appeals that judgment and order.

## ANALYSIS

**Motion for leave**

In his first issue, Bierwirth challenges the district court's denial of his motion for leave to file an untimely response to the Bank's motion for summary judgment as an abuse of its

---

[2] We cite the current version of the property code because there has been no change to the substance of the statute relevant to this appeal.

discretion and denial of his due process rights. Texas Rule of Civil Procedure 166a(c) requires that a party seeking to file a response to a motion for summary judgment within seven days of the hearing must first obtain leave of court. *See* Tex. R. Civ. P. 166a(c). A motion for leave to file a late summary-judgment response should be granted if a litigant establishes "good cause" for its untimeliness by showing that: (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will cause no undue delay or otherwise injure the party seeking summary judgment. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (op. on reh'g). We will not disturb a trial court's ruling on a motion for leave absent a clear abuse of discretion. *See id.* at 686.

Bierwirth contends that the trial court abused its discretion in denying his motion for leave because he showed good cause for his untimely filing, but the record shows otherwise. Bierwirth's motion relied on his "lack of knowledge of Rule 166a(c), specifying a seven (7) day answer date," even though the Bank's motion for summary judgment cited Rule 166a(c) as legal authority. Bierwirth's motion referred to the good-cause requirement but failed to set forth facts establishing the two-pronged test for good cause. Further, the record reflects that Bierwirth had twenty-one days' notice of the hearing on the summary-judgment motion but waited until two days before the hearing to file his response and yet another day before consulting an attorney who represented him at the hearing.[3] During the hearing, Bierwirth's attorney argued Bierwirth's filing would not unduly prejudice the Bank and pointed to his client's pro se status, but he did not argue that the untimely response was unintentional, not the result of conscious indifference, or the result

---

[3] The trial court noted that the Bank did not have three days' notice of Bierwirth's motion for leave. *See* Tex. R. Civ. P. 21. Bierwirth did not file or argue a motion for continuance.

of accident or mistake. Even if we could consider the attorney's unsworn argument as evidence, it would not demonstrate good cause for Bierwirth's untimely filing. *See id.* at 688.

Bierwirth also contends, for the first time on appeal, that the trial court deprived him of his federal due process right to be heard on the merits and deprived him of real property without "sufficient notice of the finality of the order." By failing to bring his due process argument before the district court, Bierwirth has preserved nothing for our review with regard to this issue. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (concluding that due-process challenge must generally be preserved); *Guerrero v. Memorial Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 Tex. App. LEXIS 6869, at *8-9 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) (applying same rule to pro se litigant's appeal raising due-process challenge to grant of summary judgment).

Even if Bierwirth's due-process challenge had been preserved, we would not find such deprivation occurred. The federal Constitution protects a person from deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Within the due-process protection is the right to be heard, including the right to a full and fair hearing and judgment after trial on the merits. *Soefje v. Jones*, 270 S.W.3d 617, 625 (Tex. App.—San Antonio 2008, no pet.) (citing *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). However, a party's right to due process does not preclude a case from being disposed of before trial on the merits. *Id.* (citing *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 322-23 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). Due process is provided by the rules that govern summary-judgment procedure. *Moore v. Ellsworth*, No. 06-11-00047-CV, 2012 Tex. App. LEXIS 2180, at *3

(Tex. App.—Texarkana Mar. 21, 2012, no pet.) (mem. op.). A proper grant of summary judgment does not offend the Constitution. *Walden*, 97 S.W.3d at 323.

Here, it is undisputed that Bierwirth had twenty one days' notice of the hearing on the Bank's summary judgment—which states plainly that it seeks a final judgment allowing foreclosure to proceed—but he waited until two days before the hearing to file his response and the day before the hearing to consult his attorney, knowing that the motion sought an order authorizing foreclosure. Well before the filing of the summary-judgment motion, Bierwirth had notice of the Bank's attempted foreclosure on this same property in a related case, which Bierwirth stayed by filing the underlying suit an hour before the Bank's foreclosure-application hearing. Further, unlike the cases Bierwirth cites in which summary judgment was based solely on deemed admissions that relieved the moving party of its burden to produce any proof, the Bank's motion here was based on the propriety of its evidence. *See Cleveland v. Taylor*, No. 01-11-00227-CV, 2012 Tex. App. LEXIS 5159, at *30 (Tex. App.—Houston [1st Dist.] June 28, 2012, no pet. h.).

Based on this record, Bierwirth was not denied due process, rather, he delayed using the available process and securing counsel and failed to establish good cause for his untimely response. *See Carpenter*, 98 S.W.3d at 685 (noting that party actually availed itself of remedies in Rule 166a(c) by filing a motion for leave and motion for continuance, and trial court's denial of those remedies "does not mean that they were not available; rather, the trial court's rulings . . . [were] subject to review for an abuse of discretion"). There is no abuse of discretion in a trial court's denial of leave to file an untimely summary-judgment response if the party seeking leave fails to show good cause for its untimeliness. *See id.* at 688 (holding that trial court did not abuse its discretion in denying party's motion for leave to file late response to summary-judgment motion because

5

motion for leave offered no explanation for party's failure to timely respond nor any supporting affidavits or other evidence establishing good cause). Thus, on these facts, we conclude that the district court's denial of Bierwirth's motion for leave to file his untimely response to the Bank's summary judgment was not an abuse of its discretion. We overrule Bierwirth's first issue.

**Motion for summary judgment**

In his second issue, Bierwirth contends that the district court's grant of the Bank's motion for summary judgment constituted an "abuse of discretion." However, our review of the summary judgment is de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a motion for summary judgment, the moving party must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see Mann Frankfort*, 289 S.W.3d at 848. We review the summary-judgment evidence in the light most favorable to the non-prevailing party, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. When a defendant moves for summary judgment based on an affirmative defense, the defendant bears the burden of proving each essential element of the defense. *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012).

Under the applicable version of Texas Rule of Civil Procedure 735, a party seeking to foreclose a home-equity lien created under article XVI, section 50(a)(6) of the Texas Constitution may file (1) a suit seeking judicial foreclosure, (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code section 51.002, or (3) an application under rule 736 of the Texas Rules of Civil Procedure for an order allowing foreclosure. *See* Tex. Sup. Ct. R. 735, 9-10 S.W.3d XXIV (2000, amended 2012).

The Bank moved for summary judgment on (1) Bierwirth's claim of lack of right to foreclose and (2) its counterclaim for a final judgment including an order allowing foreclosure under the security instrument and Texas Property Code section 51.002. *See id.*

The Bank's summary-judgment evidence supporting its right to foreclosure included copies of: (1) the Texas Home Equity Note that Bierwirth signed; (2) the Texas Home Equity Security Instrument on his property that he also signed, expressly allowing foreclosure in the event of a default; (3) the assignment of the Note and Security Instrument to the Bank; and (4) an affidavit from the Bank's Vice-President and Servicing Manager Randy Bryant, averring that Bierwirth was in material breach of the Note for failure to make payments since March 1, 2010, that Bierwirth owed $80,530.20 to the Bank as of March 22, 2011, and that Bierwirth had been given all requisite notices—demand to cure the default, intent to accelerate, and acceleration of the maturity of the debt—in accordance with the Security Instrument, section 51.002 of the Texas Property Code, and applicable law. *See, e.g.*, *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied); *see also Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 Tex. App. LEXIS 3857, at *6-7 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.).

We conclude that through this evidence, the Bank conclusively established its right to summary judgment on its counterclaim as a matter of law under the security instrument and section 51.002 of the Texas Property Code. *See* Tex. R. Civ. P. 735(2). As such, the district court correctly granted summary judgment. We therefore overrule Bierwirth's second issue.

7

**CONCLUSION**

Having overruled both of Bierwirth's issues, we affirm the district court's judgment and order.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   August 10, 2012