TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00336-CV






Kevin Bierwirth, Appellant


v.


TIB-The Independent BankersBank, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. D-1-GN-11-000417, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Kevin Bierwirth, acting pro se, appeals from a summary judgment on a note and
an order for judicial foreclosure of a home-equity lien. (1) Bierwirth asserts that the district court
erred in denying his motion for leave to file an untimely response to the Bank's motion for
summary judgment and in granting the Bank's motion. Because we conclude that the district court
did not abuse its discretion in denying the motion for leave, and that the Bank was entitled to
summary judgment as a matter of law, we affirm the district court's judgment and order.






BACKGROUND



 In a separate proceeding, the Bank filed a home equity foreclosure application
against Bierwirth, seeking a court order allowing foreclosure of a home equity lien. See Tex. Const.
art. XVI, § 50a(6); Tex. R. Civ. P. 735, 736. Challenging the Bank's right to foreclose, Bierwirth
filed the underlying suit against the Bank for declaratory relief, and the Bank filed a counterclaim
for an order allowing foreclosure. Contending that it conclusively proved the requirements to
foreclose on the security instrument that Bierwirth executed, the Bank filed a traditional motion for
summary judgment on March 31, 2011. See Tex. Prop. Code Ann. § 51.002 (West Supp. 2012)
(authorizing sale of real property after debtor's default under powers granted in deed of trust);
Tex. R. Civ. P. 166a(c), 735, 736. (2) The Bank's motion was set for hearing on April 21, 2011. On
April 19, 2011, Bierwirth filed an "answer" to the Bank's summary-judgment motion along with a
motion for leave to file his untimely response, stating that he was unaware of the filing deadline for
his response and reciting the good-cause standard for untimely filing. On April 20, 2011, Bierwirth
obtained an attorney for the summary-judgment hearing. At the hearing, the district court denied
Bierwirth's motion for leave and granted the Bank's summary judgment, allowing foreclosure to
proceed. Bierwirth appeals that judgment and order.



ANALYSIS


Motion for leave

 In his first issue, Bierwirth challenges the district court's denial of his motion for
leave to file an untimely response to the Bank's motion for summary judgment as an abuse of its
discretion and denial of his due process rights. Texas Rule of Civil Procedure 166a(c) requires that
a party seeking to file a response to a motion for summary judgment within seven days of the
hearing must first obtain leave of court. See Tex. R. Civ. P. 166a(c). A motion for leave to file a
late summary-judgment response should be granted if a litigant establishes "good cause" for its
untimeliness by showing that: (1) the failure to respond was not intentional or the result of conscious
indifference, but the result of accident or mistake, and (2) allowing the late response will cause
no undue delay or otherwise injure the party seeking summary judgment. Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 688 (Tex. 2002) (op. on reh'g). We will not disturb a
trial court's ruling on a motion for leave absent a clear abuse of discretion. See id. at 686.

 Bierwirth contends that the trial court abused its discretion in denying his motion
for leave because he showed good cause for his untimely filing, but the record shows otherwise.
Bierwirth's motion relied on his "lack of knowledge of Rule 166a(c), specifying a seven (7) day
answer date," even though the Bank's motion for summary judgment cited Rule 166a(c) as legal
authority. Bierwirth's motion referred to the good-cause requirement but failed to set forth facts
establishing the two-pronged test for good cause. Further, the record reflects that Bierwirth had
twenty-one days' notice of the hearing on the summary-judgment motion but waited until two days
before the hearing to file his response and yet another day before consulting an attorney who
represented him at the hearing. (3) During the hearing, Bierwirth's attorney argued Bierwirth's filing
would not unduly prejudice the Bank and pointed to his client's pro se status, but he did not argue
that the untimely response was unintentional, not the result of conscious indifference, or the result
of accident or mistake. Even if we could consider the attorney's unsworn argument as evidence, it
would not demonstrate good cause for Bierwirth's untimely filing. See id. at 688.

 Bierwirth also contends, for the first time on appeal, that the trial court deprived
him of his federal due process right to be heard on the merits and deprived him of real property
without "sufficient notice of the finality of the order." By failing to bring his due process argument
before the district court, Bierwirth has preserved nothing for our review with regard to this issue. 
See In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003) (concluding that due-process challenge
must generally be preserved); Guerrero v. Memorial Turkey Creek, Ltd., No. 01-09-00237-CV,
2011 Tex. App. LEXIS 6869, at *8-9 (Tex. App.--Houston [1st Dist.] Aug. 25, 2011, no pet.)
(mem. op.) (applying same rule to pro se litigant's appeal raising due-process challenge to grant of
summary judgment).

 Even if Bierwirth's due-process challenge had been preserved, we would not
find such deprivation occurred. The federal Constitution protects a person from deprivation of
life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Within the due-process protection is the right to be heard, including the right to a full and fair hearing and
judgment after trial on the merits. Soefje v. Jones, 270 S.W.3d 617, 625 (Tex. App.--San Antonio
2008, no pet.) (citing Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). However, a party's right to
due process does not preclude a case from being disposed of before trial on the merits. Id. (citing
Walden v. Affiliated Computer Servs., Inc., 97 S.W.3d 303, 322-23 (Tex. App.--Houston
[14th Dist.] 2003, pet. denied)). Due process is provided by the rules that govern summary-judgment
procedure. Moore v. Ellsworth, No. 06-11-00047-CV, 2012 Tex. App. LEXIS 2180, at *3
(Tex. App.--Texarkana Mar. 21, 2012, no pet.) (mem. op.). A proper grant of summary judgment
does not offend the Constitution. Walden, 97 S.W.3d at 323.

 Here, it is undisputed that Bierwirth had twenty one days' notice of the hearing on
the Bank's summary judgment--which states plainly that it seeks a final judgment allowing
foreclosure to proceed--but he waited until two days before the hearing to file his response and the
day before the hearing to consult his attorney, knowing that the motion sought an order authorizing
foreclosure. Well before the filing of the summary-judgment motion, Bierwirth had notice of the
Bank's attempted foreclosure on this same property in a related case, which Bierwirth stayed by
filing the underlying suit an hour before the Bank's foreclosure-application hearing. Further, unlike
the cases Bierwirth cites in which summary judgment was based solely on deemed admissions that
relieved the moving party of its burden to produce any proof, the Bank's motion here was based
on the propriety of its evidence. See Cleveland v. Taylor, No. 01-11-00227-CV, 2012 Tex. App.
LEXIS 5159, at *30 (Tex. App.--Houston [1st Dist.] June 28, 2012, no pet. h.).

 Based on this record, Bierwirth was not denied due process, rather, he delayed using
the available process and securing counsel and failed to establish good cause for his untimely
response. See Carpenter, 98 S.W.3d at 685 (noting that party actually availed itself of remedies in
Rule 166a(c) by filing a motion for leave and motion for continuance, and trial court's denial of
those remedies "does not mean that they were not available; rather, the trial court's rulings . . . [were]
subject to review for an abuse of discretion"). There is no abuse of discretion in a trial court's denial
of leave to file an untimely summary-judgment response if the party seeking leave fails to show
good cause for its untimeliness. See id. at 688 (holding that trial court did not abuse its discretion
in denying party's motion for leave to file late response to summary-judgment motion because
motion for leave offered no explanation for party's failure to timely respond nor any supporting
affidavits or other evidence establishing good cause). Thus, on these facts, we conclude that the
district court's denial of Bierwirth's motion for leave to file his untimely response to the Bank's
summary judgment was not an abuse of its discretion. We overrule Bierwirth's first issue.


Motion for summary judgment

 In his second issue, Bierwirth contends that the district court's grant of the
Bank's motion for summary judgment constituted an "abuse of discretion." However, our review
of the summary judgment is de novo. See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009). To prevail on a motion for summary judgment, the moving party
must show that there is no issue of material fact and that it is entitled to judgment as a matter of law.
Tex. R. Civ. P. 166a(c); see Mann Frankfort, 289 S.W.3d at 848. We review the summary-judgment
evidence in the light most favorable to the non-prevailing party, crediting evidence favorable to that
party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could
not. Mann Frankfort, 289 S.W.3d at 848. When a defendant moves for summary judgment based
on an affirmative defense, the defendant bears the burden of proving each essential element of the
defense. FDIC v. Lenk, 361 S.W.3d 602, 609 (Tex. 2012).

 Under the applicable version of Texas Rule of Civil Procedure 735, a party seeking
to foreclose a home-equity lien created under article XVI, section 50(a)(6) of the Texas Constitution
may file (1) a suit seeking judicial foreclosure, (2) a suit or counterclaim seeking a final judgment
which includes an order allowing foreclosure under the security instrument and Texas Property Code
section 51.002, or (3) an application under rule 736 of the Texas Rules of Civil Procedure for an
order allowing foreclosure. See Tex. Sup. Ct. R. 735, 9-10 S.W.3d XXIV (2000, amended 2012).
The Bank moved for summary judgment on (1) Bierwirth's claim of lack of right to foreclose and
(2) its counterclaim for a final judgment including an order allowing foreclosure under the security
instrument and Texas Property Code section 51.002. See id.

 The Bank's summary-judgment evidence supporting its right to foreclosure included
copies of: (1) the Texas Home Equity Note that Bierwirth signed; (2) the Texas Home Equity
Security Instrument on his property that he also signed, expressly allowing foreclosure in the event
of a default; (3) the assignment of the Note and Security Instrument to the Bank; and (4) an affidavit
from the Bank's Vice-President and Servicing Manager Randy Bryant, averring that Bierwirth was
in material breach of the Note for failure to make payments since March 1, 2010, that Bierwirth
owed $80,530.20 to the Bank as of March 22, 2011, and that Bierwirth had been given all requisite
notices--demand to cure the default, intent to accelerate, and acceleration of the maturity of the
debt--in accordance with the Security Instrument, section 51.002 of the Texas Property Code, and
applicable law. See, e.g., Rinard v. Bank of Am., 349 S.W.3d 148, 152 (Tex. App.--El Paso 2011,
no pet.); Kyle v. Countrywide Home Loans, Inc., 232 S.W.3d 355, 362 (Tex. App.--Dallas 2007,
pet. denied); see also Hornbuckle v. Countrywide Home Loans, Inc., No. 02-09-00330-CV,
2011 Tex. App. LEXIS 3857, at *6-7 (Tex. App.--Fort Worth May 19, 2011, no pet.) (mem. op.).

 We conclude that through this evidence, the Bank conclusively established its right
to summary judgment on its counterclaim as a matter of law under the security instrument and
section 51.002 of the Texas Property Code. See Tex. R. Civ. P. 735(2). As such, the district court
correctly granted summary judgment. We therefore overrule Bierwirth's second issue.






CONCLUSION


 Having overruled both of Bierwirth's issues, we affirm the district court's
judgment and order.



 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 10, 2012

1. Bierwirth's pattern of difficulties with foreclosures and forcible detainers on his real-estate properties is well documented with this Court. See, e.g., In re Bierwirth, 03-12-00488-CV;
Bierwirth v. BAC Home Loans Servicing, LP, No. 03-11-00644-CV; Bierwirth v. Federal Nat'l
Mortg. Ass'n a/k/a Fannie Mae, No. 03-12-00271-CV.
2. We cite the current version of the property code because there has been no change to the
substance of the statute relevant to this appeal.
3. The trial court noted that the Bank did not have three days' notice of Bierwirth's motion
for leave. (4)
4. Bierwirth did not file or argue a motion for continuance.