# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20541
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
January 23, 2017

Lyle W. Cayce
Clerk

MICHAEL A. MALDONADO,

Plaintiff - Appellant

v.

CITIMORTGAGE, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-120

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Michael Maldonado sought a declaratory judgment against CitiMortgage, Inc., claiming the instruments securing the lien on his property were invalid. CitiMortgage counterclaimed for judicial foreclosure and moved

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20541

for summary judgment.  The district court entered judgment for CitiMortgage.
We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Michael Maldonado borrowed $292,000 under a Home Equity Note to finance the purchase of a home in Houston, Texas.  The principal amount was secured by a mortgage on the property under a Texas Home Equity Security Instrument.  The loan was originally serviced by ABN AMRO Mortgage Group, Inc.  CitiMortgage obtained the loan after its merger with ABN AMRO.

Since the execution of the loan agreement, CitiMortgage claims that Maldonado has "repeatedly fail[ed] to make payments under the Loan" and has "delay[ed] foreclosure by requesting modifications and forbearance agreements."  Between 2009 and 2014, Maldonado received six written notices of default, but he never sought to bring the loan current.  Maldonado last made a payment in May 2011, and the loan is currently in default.

In December 2014, Maldonado sued CitiMortgage in what the district court characterized as "an attempt to stop CitiMortgage's foreclosure on the Property after he defaulted on his loan."  CitiMortgage removed the case to federal court, counterclaimed for judicial foreclosure of the property, and moved for summary judgment on each of Maldonado's claims.  The district court granted CitiMortgage's motion and its counterclaim for judicial foreclosure.  The final judgment reflects that the outstanding balance on the loan is $533,960.80.  That sum consists of the outstanding principal, accrued and unpaid interest, escrow advances, and late charges and fees.

Shortly thereafter, Maldonado filed a motion to alter or amend the district court's judgment.  He argued the district court erroneously calculated

2

No. 16-20541

his outstanding balance by relying on incompetent summary-judgment evidence. The district court summarily denied Maldonado's motion. Maldonado filed a timely notice of appeal.


DISCUSSION

Maldonado disputes the various amounts the district court used to calculate his outstanding balance. He attempts to create a fact issue by claiming that he "pointed to evidence" demonstrating the inaccuracies upon which the district court relied.

We review *de novo* the district court's grant of summary judgment. *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lynch Props., Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). To do so, the nonmovant must "support [his] allegations with admissible evidence." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 192 (5th Cir. 1990). Conclusory assertions are not enough. *See Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 707 (5th Cir. 2016). Further, the nonmovant must designate *specific* facts; we will not search the entire record on his behalf for evidence that may create a fact issue. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

Under Texas law, the holder of a negotiable instrument is entitled to enforce it. TEX. BUS. & COM. CODE ANN. § 3.301. A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an

3

identified person that is the person in possession." *Id.* § 1.201(b)(21)(A). Although ABN AMRO initially serviced the loan, the parties agreed that CitiMortgage became the holder of the note after its merger with ABN AMRO. Thus, CitiMortgage may enforce the note.

The court may order judicial foreclosure upon proof "establishing the debt and fixing the lien." *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ); *see also* TEX. R. CIV. P. 309. To recover, a movant must prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien. *See Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.). CitiMortgage established each of the required elements for judicial foreclosure by competent summary-judgment evidence. Michael Maldonado signed a Texas Home Equity Note for $292,000, secured by a mortgage on the property that is now subject to foreclosure. The parties stipulated that the loan is currently in default.

The only remaining question, then, is the outstanding balance owed under the loan agreement. In its motion for summary judgment, CitiMortgage argued the outstanding balance was $533,960.80. That figure was adopted by the district court. In support, CitiMortgage offered the affidavit of Cindy Schneider, who testified, as the custodian of records, that CitiMortgage's figure was the sum of the outstanding principal balance, accrued and unpaid interest, and late charges and fees. CitiMortgage also offered documentary evidence of the amount owed, including a comprehensive record of Maldonado's account.

In response, Maldonado "dispute[d] some of the numbers that CitiMortgage . . . included in [its] motion for summary judgment to determine the value of the debt on judicial foreclosure." Specifically, he disputed the amounts that CitiMortgage claimed in attorneys' fees, inspection fees, escrow,

taxes, and late charges. Maldonado's response does not provide any evidence of what the correct amounts should be. He does not offer affidavits, depositions, or other documentation to create an issue of fact.[1] Instead, he relies on a policy argument, claiming that "Texas law favors protection of the homestead," so CitiMortgage's motion should be denied because the amounts to be paid are in dispute. That is not a valid response to the evidence and law supporting foreclosure.

The district court did not err by granting CitiMortgage's motion for summary judgment.

AFFIRMED.

---

[1] Maldonado offers the affidavit of his attorney, Ricardo Guerra, who testified as to the appropriate amount of attorneys' fees that CitiMortgage should be claiming. Guerra never mentioned the amounts associated with the underlying transaction, which are the only amounts disputed here.